CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 04 2010

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KENNETH WAYNE JACKSON, | ) |
| | ) |
| Plaintiff, | ) Case No. 7:10CV00337 |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| | ) |
| JESSICA MILLER JOHNSON, ET AL., | ) By: Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendants. | ) |

Plaintiff Kenneth Wayne Jackson, a Virginia inmate proceeding pro se, has filed a motion for interlocutory injunctive relief, which the court construes as a civil rights action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). In his complaint, Jackson alleges that the defendants, who are prison staff members at the United States Penitentiary in Jonesville, Virginia (USP Lee), have threatened him after he witnessed an inappropriate tryst between the two. He seeks an interlocutory injunction to prevent retaliatory action while he completes the inmate grievance procedure. Upon review of the record, the court finds that the complaint must be dismissed.

## Background

Jackson alleges the following sequence of events on which his claims are based. One weekday, during the lunch period, Jackson was walking by the staff offices in J-Unit. Glancing into Ms. Johnson's office, Jackson saw Johnson and another staff member, Mr. Van Cleave, engaged in sexual behavior. He walked on past the office and went to his cell. Five minutes later, the staff members called Jackson into their office, threatened him, and told him that Van

Cleave had spilled something on his pants and Johnson had been helping him remove it. Jackson alleges that he has heard from other inmates and staff members that Johnson and Van Cleave are having an extramarital affair and that their sexual behavior during work hours prevents them from doing their jobs. He also accuses Johnson of being mean and unprofessional.

The pleading Jackson submits is styled as an "Injunction Relief Order." He states that he intends to file a lawsuit in this court, once he has exhausted administrative remedies. In the meantime, however, he fears that Johnson and Van Cleave will retaliate against him because of what he saw. He admits that he is not in any danger of physical harm, but wants an injunction prohibiting the defendants from: writing frivolous incident reports, frivolously transferring him to the special housing unit, or randomly transferring him to another federal prison.[1] He also seeks: to be reinstated to the Challenge Program "as he was given an incident report for property given to him by staff (NOT STOLEN as Ms. Johnson falsely claimed)"; to have Johnson or Van Cleave or both suspended from the program; to have Johnson replaced with a treatment specialist who does not hate inmates; to have an independent official investigate the situation between Johnson and Van Cleave; to have a reprimand placed in Johnson's file; to have policy changed to allow inmates to hang pictures of women's bodies on their cork boards; and to have Johnson and Van Cleave assigned to separate offices so they can get work done.

## Discussion

To state a cause of action under Bivens, an individual must prove that he suffered harm as a result of constitutional violations committed against him by federal officials. 403 U.S. at 397.

---

[1] Jackson states his desire to remain at USP Lee, because the warden and the majority of the staff are "extremely professional and respectful and it is the best USP [he's] been to in 37 years of incarceration."

"[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S.__, 129 S. Ct. 1937, 1948 (2009). A Bivens claim is analogous to a claim under 42 U.S.C. § 1983, which authorizes civil actions against state officials in their personal capacities for violations of constitutional rights. Case law involving § 1983 claims is applicable in Bivens actions and vice versa. See Farmer v. Brennan, 511 U.S. 825, 839 (1994); Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Turner v. Dammon, 848 F.2d 440, 443-44 (4th Cir. 1988).

A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." The factual allegations in the complaint must contain "more than labels and conclusions" and "must be enough to raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). After a review of Jackson's allegations as amended, the court concludes that his claims have no basis in fact or law and must be summarily dismissed as legally frivolous.[2]

Verbal threats from prison officials, without more, do not state any constitutional claim. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979). "Not every push or shove" violates a person's constitutional rights, and mere words, however violent, do not amount to an assault. Johnson v. Glick, 481 F.2d 1028, 1033 & 1033 n.7 (2d Cir. 1973), overruled on other grounds, Graham v. Conner, 490 U.S. 386, 397 (1989). Nor does the constitution "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). A guard's verbal harassment or

---

[2] Jackson's admitted failure to exhaust administrative remedies before filing this civil action, as required under 42 U.S.C. § 1997e(a), provides an alternative ground on which his complaint could be dismissed.

idle threats to an inmate, even if they cause an inmate fear or emotional anxiety, do not constitute an invasion of any identified liberty interest. Id.; Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989) (verbal threats causing fear for plaintiff's life not an infringement of a constitutional right); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (calling an inmate an obscene name did not violate constitutional rights); Lamar v. Steele, 698 F.2d 1286 (5th Cir. 1983) ("Threats alone are not enough. A section 1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation.").

In his current submission, Jackson alleges only that the defendants made verbal threats against him in an effort to convince him to keep quiet about what he saw. These allegations simply cannot support a constitutional claim actionable under Bivens. Moreover, while he fears that the defendants will retaliate against him, he does not allege any facts on which he could rest a viable retaliation claim, as he fails to allege facts indicating that his exercise of a constitutional right has been a substantial factor motivating action the defendants have taken against him. See American Civil Liberties Union v. Wicomico County, 999 F.2d 780, 785 (4th Cir. 1993). Bare assertions or speculative fears of retaliation are insufficient to state any actionable claim. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Because Jackson's claims have no legal basis, the court will dismiss this action without prejudice, pursuant to § 1915A(b)(1), as legally frivolous.[3]

---

[3] As he has failed to show a substantial likelihood of success on the merits of his underlying constitutional claims or that he is likely to suffer irreparable harm in the absence of court intervention, Jackson is not entitled to the interlocutory injunctive relief he seeks. See Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346-47 (4th Cir. 2009) (citing Winter v. Natural Resources Defense Council, Inc., ___ U.S. ___, 129 S. Ct. 365 (2008)).

## Conclusion

For the stated reasons, the court concludes that the complaint alleges no factual basis for claims actionable under <u>Bivens</u> and will, therefore, dismiss it without prejudice as legally frivolous. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 4th day of August, 2010.

/s/ Glen Conrad
Chief United States District Judge